RICHARD APPERSON'S ADMR. *v.* RICHARD APPERSON'S EXR.

[Abstract Kentucky Law Reporter, Vol. 7—93.]

**Appeal by Piecemeal.**

Where one petitions for a new trial and secures it and obtains a judgment, if he is not satisfied with such judgment he has a right to appeal from it, but he can not have the original judgment modified by piecemeal and thus speculate on his chances for success in the one case or the other. An appeal may only be taken from a final judgment and different appeals can not be maintained on parts of a judgment.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

May 2, 1885.

OPINION BY JUDGE PRYOR:

It is not necessary to consider the case on its merits if the motion to dismiss should prevail.

On the 25th of December, 1879, in the equity action of *Apperson's Exr. v. Apperson,* involving a settlement of many complicated

accounts, a judgment was rendered in favor of the executrix of Richard Apperson, Jr., for a sum exceeding $13,000. Richard Apperson, Jr., had been the executor of his father, Richard Apperson, Senior, and the judgment rendered in favor of Richard Apperson, Jr., was the result of a settlement made by the commissioner with the latter's representative showing the state of the accounts between him and his father's estate. Many exceptions were filed to this settlement by the appellant who represented the estate of Richard Apperson, Sr., some of which were overruled and others sustained, and a final judgment rendered as already indicated.

After the expiration of the term at which this judgment was entered the present action in equity was filed for a new trial to enable the appellant to except to many large items of credit that had been given Richard Apperson, Jr.'s, executor in the settlement by reason of the discovery of facts not known to the appellant when the exceptions were filed in the original action in which the judgment was rendered.

The particular items to which exceptions were desired to be filed were specified in the petition for a new trial, and when that action was heard, the one now before us, the court rendered a judgment modifying the judgment in the original action so as to enable the appellants to file exceptions to certain items of the accounts allowed by the commissioner and denying him the right to file exceptions to other items.

After this order modifying the original judgment, the appellant filed his exceptions that were authorized by the judgment for a new trial and had the judgment vacated. The court sustained the exceptions and reduced the original judgment from $13,700 to near nine thousand dollars.

The appellant as administrator now prosecutes the present appeal from the judgment granting him the new trial, insisting that the case ought to have been opened as to other items to which no exception had been made in the original action, and to which items the chancellor denied him the right when vacating the first judgment.

The appellant, when permitted to file exceptions, appeared in court and at his instance, the judgment rendered was set aside, and he filed exceptions to the commissioner's report reducing the judgment some four or five thousand dollars. It is now maintained that this last judgment was final and that when appellant filed his

exceptions that were sustained and another judgment rendered, it ended the case.

While the action for a new trial was pending the judgment in the original action for $13,000 was brought to this court and affirmed, except as to one item known as the Hill claim. When the case was returned, the new trial having been awarded and the judgment vacated, the error pointed out by this court was corrected and the judgment still further reduced by sustaining the exceptions filed by appellant by reason of the new trial. The appellant appeals to this court and has the judgment corrected. Then at his own instance he had the judgment vacated and modified that he might file other exceptions and the case again referred to the commissioner and when this is done and another judgment rendered in the original action, he then brings the judgment in the original action for a new trial to this court maintaining that he should have been permitted to file other exceptions.

If the appellant was not satisfied with the judgment on his petition for a new trial he should have brought the entire case to this court and not had the original judgment modified by piecemeal and thus speculate on his chances for success in the one case or the other.

When allowed to file exceptions to vouchers Nos. 11, 13, 14, 48, and 77, and having the judgment set aside and the case referred back to the commissioner, it was an abandonment of his right to prosecute an appeal from the judgement for a new trial. At his own instance he has the judgment rendered and now wants it again reopened that he may have other exceptions heard.

The original judgment had been modified by an appeal to this court and when the case was returned it was set aside, or perhaps before the case was returned and referred back to the commissioner and another judgment rendered.

Now the case is again asked to be reopened and other proof heard. There would be no end to litigation under such a practice and if the appellant was not satisfied with the judgment on his petition for a new trial, he ought to have brought the entire case here for revision.

Petition *dismissed.*

*Morton & Parker, for appellant.*

*H. L. Stone, Wm. Lindsay, for appellee.*